IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

APRIL CLARK,

    **Plaintiff,**

v.

    Civil Action 2:23-cv-4207
    Chief Judge Algenon L. Marbley
    Magistrate Judge Kimberly A. Jolson

KIDZ PLANET, et al.,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendants Kidz Planet LLC, Mom's Choice LLC, Katura Hawo, and Adam Hawo. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff be allowed to **PROCEED** on her Title VII race discrimination claim. However, the Undersigned **RECOMMENDS** that all of Plaintiff's other claims be **DISMISSED.**

**I.    STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). In reviewing a complaint, the Court must construe

it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). And although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), litigants are not relieved of the duty to develop claims with an appropriate degree of specificity*." Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, "[b]asic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff alleges that she was wrongfully terminated by Defendants Kidz Planet LLC, Mom's Choice LLC, Katura Hawo, and Adam Hawo based on "racial and disability discrimination." (Doc. 1-1 at 3). In her Complaint, Plaintiff alleges that Defendants Katura Hawo and Adam Hawo own Kidz Planet LLC and Mom's Choice LLC, which are adjacent to each other. (*Id.* at 3, 5). Plaintiff states that she was hired as an administrator and was fired "for being black" after only one day of work. (*Id.* at 3). Before this first day of work, Plaintiff alleges that Defendants did not know her race. (*Id.*). More still, Plaintiff says that Defendant Katura Hawo told her they "never hire African American[s]" and they "only hire white lad[ies]." (*Id.*). Plaintiff also says she was told by Defendant Katura Hawo that at one point, they hired an "Indian lady in

2

the role" Plaintiff held. (*Id.*). When Plaintiff was fired at the end of her shift, she alleges that Defendants gave her no explanation for her termination and that Defendant Hawo paid her with a "bad check knowing no money was in their bank account." (*Id.*).

Elsewhere in her complaint, though, Plaintiff also says she was fired in retaliation for requesting an accommodation. (*Id.* at 5). Plaintiff further alleges she was fired in retaliation for her discussions with Defendant Katura Hawo about the treatment of a child at the daycare. (*Id.* at 4). As relief, Plaintiff requests $100,000 "per count . . . per Defendant and business entity." (*Id.* at 6). Plaintiff also includes with her Complaint an Equal Employment Opportunity Commission "Right to Sue" letter dated November 1, 2023. (Doc. 1 at 4). Finally, she lists Title VI and Title VII as the bases for her claims, although the Undersigned has construed Plaintiff's Complaint liberally to include claims under the Americans with Disabilities Act (ADA) as well. (Doc. 1-2).

The Undersigned addresses each of Plaintiff's allegations in turn.

A. **Title VI**

Plaintiff brings claims against Defendants under Title VI. (Doc. 1-2). Title VI of the Civil Rights Act of 1964 states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." But only programs that benefit from federal financial assistance are subject to Title VI's regulations. *Douglas v. Kazlaukas*, No. 4:10-cv-140-M, 2011 WL 462971, at *3 (W.D. Ky. Feb. 2, 2011) (citing *Grove City Coll. v. Bell*, 465 U.S. 555 (1984) (superseded in part by the Civil Rights Restoration Act of 1987, Pub. L. No. 100–259, 102 Stat. 28 (1988)); *David K. v. Lane*, 839 F.2d 1265, 1275–76 (7th Cir. 1988)). Plaintiff does not allege in her Complaint that Defendants receive federal funding. (*See* Doc. 1-1). As such, her Title VI claims fail and should be **DISMISSED.**

B. **Title VII Race Discrimination**

Next, Plaintiff brings claims against all Defendants under Title VII for race discrimination.

Title VII provides that it is an "unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Plaintiffs can plead a Title VII claim through either direct or circumstantial evidence of discrimination. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). Direct evidence "is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). "Consistent with this definition, direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)). Direct evidence is "rare because employers generally do not announce that they are acting on prohibited grounds." *Erwin v. Potter,* 79 F. App'x 893, 896–97 (6th Cir. 2003). Courts also look "for a temporal proximity between the discriminatory act and the termination" when considering direct evidence claims. *Jordan v. Mathews Nissan, Inc.*, 539 F. Supp.3d 848, 878 (W.D. Tenn. May 17, 2021).

Moreover, "[i]t is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). Plaintiff has

4

satisfied both of these requirements, (Doc. 1 at 4 (right to sue letter)), and the Undersigned turns to the sufficiency of her Complaint.

Plaintiff pleads sufficient facts which, if taken as true, provide direct evidence that "unlawful discrimination was at least a motivating factor" in her termination. *Jacklyn*, 176 F.3d at 926. Plaintiff states that before she arrived on her first day, Defendants did not know her race. (*Id.*). Plaintiff then alleges that, on her first day, Defendant Katura Hawo told her they "never hire African American[s]" and that they only hire white women. (Doc. 1-1 at 3). Then, hours later when Plaintiff's shift ended, Plaintiff alleges she was fired by Defendants. At this point in litigation, these facts are sufficient to state a claim for race discrimination under Title VII.

As such, Plaintiff's claim of race discrimination under Title VII should be allowed to proceed.

### C. Title VII and ADA Retaliation

Plaintiff also asserts that Defendants retaliated against her "as a black woman demanding the civil rights violations of self and others cease," seemingly because Plaintiff pointed out "several compliance issues" that "were reported to childcare licensing following discussion with [Defendant] Katura Hawo." (Doc. 1-1 at 4). Plaintiff also suggests that Defendants retaliated against her because of her "disability diagnosis" and because she requested an accommodation "related to the screaming child." (Doc. 1-1 at 5). Construing Plaintiff's Complaint liberally, the Undersigned infers that Plaintiff means to bring claims of retaliation under Title VII and the ADA.

First, a Title VII retaliation claim proven through circumstantial evidence requires that Plaintiff (1) engaged in activity protected by Title VII; (2) that her "exercise of such protected activity was known by defendant; "(3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the

materially adverse action." *George v. Youngstown State Univ.*, 966 F.3d 446, 459 (6th Cir. 2020) (internal citations and quotations omitted). While "complaints to human resources personnel regarding potential violations of Title VII [can] constitute protected activity," Plaintiff's complaints seemingly involved disagreements about "interventions" with children and licensing requirements. *Trujillo v. Henniges Auto. Sealing Sys. North Am., Inc.*, 495 F. App'x 651, 655 (6th Cir. 2012); (*See* Doc. 1-1 at 4 (describing Plaintiff's "efforts to provide recommendations and improvement interventions to no avail")). For an activity to be protected by Title VII, Plaintiff "must make it clear that she is opposing discrimination against a protected class," which Plaintiff fails to do in her Complaint. *Scheske v. Univ. of Mich. Health Sys.*, 59 F. Supp.3d 820, 827 (E.D. Mich. Oct. 6, 2014) (citing *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 374 (6th Cir. 2013); *Speck v. City of Memphis*, 370 F. App'x 622, 626 (6th Cir. 2010)). Instead, Plaintiff states her complaints involved childcare practices, and therefore, her activity was not protected by Title VII. *See id.* at 827–28 ("Accordingly, complaints about management practices or decisions rather than discrimination against a protected class are not protected activities under Title VII.").

What's more, Plaintiff does not provide any additional evidence that her complaints were the reason for her termination. (Doc. 1-1 at 4); *see also Arrendondo v. Beer Barrel Inc.*, 645 F. Supp.3d 739, 753 (N.D. Ohio Dec. 9, 2022) ("As with a race discrimination claim, a plaintiff may establish a retaliation claim either with direct evidence or indirect evidence[.]") (internal quotations omitted). Instead, Plaintiff only provides conclusory statements generally stating they retaliated against her, which is not sufficient to state a claim for relief under Title VII. *See Kafele*, 161 F. App'x at 491.

Turning to Plaintiff's remaining retaliation claim, requesting an accommodation is a protected activity under the ADA. *Baker v. Windsor Republic Doors*, 414 F. App'x 764, 776–77,

6

n.8 (6th Cir. 2011). But again, this retaliation claim fails because Plaintiff fails to plead sufficient facts to show that this request was related to her termination in any way. Unlike her race discrimination claim, Plaintiff pleads no facts which allow the Court to infer that Defendants were animated by discriminatory motives due to Plaintiff's alleged disability. Instead, she says that "she was fired" sometime after requesting this accommodation. But "[t]emporal proximity alone is insufficient to establish a causal connection for a retaliation claim." *See Kilgo v. Cingular Wireless LLC*, No. 2:04-cv-381, 2007 WL 2897890, at *11 (E.D. Tenn. Sept. 28, 2007) (citing *Little v. B.P. Expl. & Oil Co.*, 265 F.3d 357, 363-64 (6th Cir. 2001)). And because Plaintiff has not pled any other facts to show her request for an accommodation was the reason for her termination, this claim also fails.

As such, Plaintiff's retaliation claims against Defendants should be **DISMISSED**.

### D. ADA Disability Discrimination

In her Complaint, Plaintiff says Defendants discriminated against her because of her disability. (Doc. 101 at 3). Construing the Complaint liberally, Plaintiff seems to bring a claim of disability discrimination under the Americans with Disabilities Act.

To state such a claim, "a plaintiff must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability." *Hazen v. Cleveland Clinic Found.*, No. 1:21-cv-1965, 2022 WL 3083027, at *6 (N.D. Ohio July 29, 2022) (citing *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (internal quotations omitted).

Plaintiff provides sufficient facts for the Court to infer she has a disability. But Plaintiff provides no facts to suggest that this disability motivated her termination, other than Plaintiff's

7

alleged conversation where she informed Defendant Katura Hawo about her disability. (Doc. 1-1 at 5). For example, Plaintiff says she was wrongfully terminated "without cause due to racial and disability discrimination," (Doc. 1-1 at 3), but she does not point to any other circumstantial or direct evidence of disability discrimination, such as statements made by Defendants or preferential treatment given to other employees. (*See* Doc. 1-1 at 3–6); *see Turney v. DeJoy*, No. 2:21-cv-2223, 2021 WL 6806662, at *5 (W.D. Tenn. Nov. 2, 2021) (finding a plaintiff failed to state a claim for disability discrimination where he did not plead facts that "might show he was discriminated against because of his disability"). More still, Plaintiff does not plead any facts "that make plausible the inference that she is qualified to perform her job requirements with or without reasonable accommodation." *Hazen*, 2022 WL 3083027, at *6. And while Plaintiff is not required to plead a prima facie case of disability discrimination, she must still provide sufficient facts to "support a plausible inference of disability discrimination." *Id.* at *5. Without more, to allow Plaintiff's claims to proceed would be to "conjure allegations" on her behalf. *Martin*, 391 F.3d at 714.

In sum, the Undersigned recommends that Plaintiff's disability discrimination claim against Defendants be **DISMISSED**.

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. The Undersigned **RECOMMENDS** that Plaintiff be allowed to **PROCEED** on her Title VII race discrimination claim. However, the Undersigned **RECOMMENDS** that all of Plaintiff's other claims be **DISMISSED.**

8

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 26, 2024            /s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE