IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

APRIL CLARK,

        Plaintiff,

                              Civil Action 2:23-cv-4207
v.                            Chief Judge Algenon L. Marbley
                             Magistrate Judge Kimberly A. Jolson

KIDZ PLANET, et al.,

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

The Undersigned's Report and Recommendation, which recommends that Plaintiff's Title VII race discrimination be allowed to proceed and her other claims be dismissed, is pending before the Court. (*See* Doc. 3). The Court now addresses Plaintiff's Motion for Leave to Amend Complaint. (Doc. 5).

In her Motion, Plaintiff argues that the Federal Rules of Civil Procedure allow her to amend her complaint, but also seemingly provides her amended complaint with her motion for leave. (*See* Doc. 5 at 1, 7–10 (arguing for leave to amend her complaint); *see id.* at 2–6 (providing facts that appear to amend her complaint)). Accordingly, the Court construes Plaintiff's filing as both a request for leave to amend her complaint and as the amended complaint itself. Since Plaintiff has seemingly already filed her amended complaint, the Court **DENIES** her motion for leave **AS MOOT**. Given her *in forma pauperis* status (*see* Doc. 3), the Court must dismiss Plaintiff's amended complaint, or any portion of it, that fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

In her filing, Plaintiff provides additional facts in support of her original claims. For example, Plaintiff states that she worked for Defendants longer than one day, as the Court

understood her original complaint to say that she worked one day and was then terminated. (Doc. 5 at 2; *see also* Doc. 3 at 2–3). She also describes in more detail the timeline for her employment, her understanding of the role for which she was hired, and the events that took place before her termination. (*See* Doc. 5 at 3–6). But these facts do not alter the Undersigned's prior reasoning for allowing only a Title VII race discrimination claim to proceed.

For example, Plaintiff's allegations still do not state a claim for relief under Title VI. (*See* Doc. 3 at 3–4). Moreover, while Plaintiff explains why she made various complaints about Defendants' treatment of children at the center, these complaints are not protected activity under Title VII and cannot give rise to a retaliation claim. (*See id.* at 5–6 (citing cases and recommending that Plaintiff's Title VII retaliation claims be dismissed)). Plaintiff also does not allege sufficient facts to plead claims of disability discrimination or retaliation for requesting an accommodation. (*See id.* at 5–8). As the Court previously discussed, Plaintiff fails to offer anything more than conclusory statements in support of her claim that her disability or accommodation request caused her termination. (Doc. 5 at 6 ("However, the basis for termination fundamentally lies and was based on Plaintiff race and disability."); *see Lutz v. Ohio Dep't of Rehab. &Corr.*, No. 2:10-cv-877, 2010 WL 4919775, at *2 (S.D. Ohio Nov. 29, 2010) (discussing that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief) (internal quotation omitted). So, even with the additional facts provided by Plaintiff, the Court still finds that she should only be allowed to proceed on her Title VII race discrimination claim and that any other claims should be dismissed.

The Court **RECOMMENDS** that Plaintiff's other claims be dismissed, based on the reasoning in its prior Report and Recommendation (Doc. 3). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal

of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Finally, the Undersigned cautions Plaintiff that this Court can, in its inherent power, further revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) ("A district court has the authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings.").

## **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 29, 2024        /s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE