IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**APRIL CLARK,**

        **Plaintiff,**

v.                                         **Civil Action 2:23-cv-4207**
                                                      **District Judge Algenon L. Marbley**

**KIDZ PLANET, et al.,**                 **Magistrate Judge Kimberly A. Jolson**

        **Defendants.**

## REPORT AND RECOMMENDATION

On May 15, 2024, the Court deemed Plaintiff a vexatious litigator and enjoined her from proceeding in this case unless she fulfilled certain requirements. (Doc. 10 at 5). Specifically, Plaintiff had to (1) obtain legal representation, or (2) submit a statement from a qualifying attorney certifying "there is a good faith basis for [this] action." (*Id.*). The Court stayed the case for thirty days to give Plaintiff time to fulfill those requirements, but after nearly a year, Plaintiff did not file anything. (*See* Doc. 11 (staying the case); Docs. 16, 17, 18, 19, 20 (documents from Plaintiff's appeal related to this action in the Sixth Circuit)). Plaintiff also did not effect service on Defendants as required by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (requiring the Court to dismiss an action if the defendants are not served within 90 days after the complaint is filed); (Doc. 1 (filed on December 20, 2023)).

As a result, the Court issued a show cause order on March 3, 2025, directing Plaintiff to explain why this case should not be dismissed for lack of prosecution. (Doc. 21). To date, Plaintiff has not responded to that order, and the deadline to do so has passed. (*Id.* (giving Plaintiff until March 17, 2025, to file her response)).

District courts have the "inherent power" to *sua sponte* dismiss civil actions for want of

prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 41(b). The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

Although the Court favors the "disposition of cases on their merits," other concerns guide this Court's decision whether to dismiss an action for failure to prosecute, such as the Court's "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Little v. Yeutter,* 984 F.2d. 160, 162 (6th Cir. 1993). In determining whether dismissal is appropriate, the "key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, failure to prepare for conference, or failure to comply with the pre-trial order." *Id*. (quoting *Carter v. City of Memphis,* 636 F.2d. 159, 161 (6th Cir. 1980)).

Since May 15, 2024, Plaintiff has not taken any steps to prosecute this action, despite the Court's numerous orders informing her of her duties under the vexatious litigator order. (Doc. 10 at 5 (requiring Plaintiff to fulfill certain requirements to proceed with her cases or file papers with the Court); Doc. 11 (staying the case, so Plaintiff could fulfill those requirements); Doc. 21 (show cause order explaining those requirements again)). Indeed, Plaintiff did not even respond to the Court's show cause order directing her to explain why the case should not be dismissed. (Doc. 21). Nor has she effected service on Defendants, even though this action has been pending for

over a year.  (*See* Doc. 1 (filed on December 20, 2023)).  And because Plaintiff has not served Defendants, this case cannot proceed forward.  All told, the Undersigned concludes that Plaintiff has abandoned this case.  Although the Undersigned has considered less drastic sanctions than dismissal, such efforts would be futile given Plaintiff's failure to participate in this action.

Therefore, the Undersigned **RECOMMENDS** that this matter be **DISMISSED** for want of prosecution.

IT IS SO RECOMMENDED.

Date: March 18, 2025            /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).